

IN THE DISTRICT COURT WITHIN AND FOR OKLAHOMA COUNTY
STATE OF OKLAHOMA

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

JAN - 4 2019

RICK WARREN
COURT CLERK

| | |
|---|---|
| PATSY ANN BRASHEAR | )<br>)<br>) |
| Plaintiffs,<br>vs. | )<br>) Case No.<br>) |
| BOARD OF COUNTY COMMISSIONERS<br>OF OKLAHOMA COUNTY, as<br>governing body of Oklahoma<br>County and the Oklahoma<br>County Jail; OKLAHOMA COUNTY<br>JAIL by administrator P.D.<br>Taylor | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**CJ-2019-42**

## PETITION

Comes now the Plaintiff, Patsy Ann Brashear, and for her cause of action alleges and states as follows:

1. Patsy A. Brashear is a resident of Oklahoma County. Defendant Board of County Commissioners of Oklahoma County (hereafter "Board") is the duly elected and governing body of Oklahoma County, including all operations of Defendant Oklahoma County Jail through its administrator, duly elected Oklahoma County Sheriff P.D. Taylor. (Hereafter "Jail") Oklahoma County has jurisdiction of the acts complained of by Plaintiff.

2. On August 18, 2018, Board was served with a tort claim on behalf of Plaintiff.

3. The written claim provided the Board was served with the date, time and place of the occurrence; the circumstances of the loss of Plaintiff; the compensation sought for the loss; and the name, address and phone number of the authorized agent for the claimant Plaintiff.

EXHIBIT 1

4. The Board failed to take action within ninety (90) days as required by the Governmental Tort Claims Act which resulted in the filing of this lawsuit.

5. Plaintiff was booked into the Oklahoma County Jail on September 4, 2017 and was without injury.

6. During Plaintiff's detention, Plaintiff was greviously injured and suffered a fractured ankle by the negligent or intentional acts of agents/employees of the Oklahoma County Jail.

### FIRST CAUSE OF ACTION NEGLIGENCE

Plaintiff re-alleges the allegations as set out in paragraphs 1-6, and in addition alleges and states:

7. The Board has a duty to oversee the operations and actions of the Oklahoma County Jail. The Jail has a duty to provide for the safety of Plaintiff.

8. The Board and Jail breached its duty which resulted in grievous injury by the Plaintiff, all as a result of the intentional or negligent acts of Defendant.

9. The failure of Board and Jail to exercise ordinary care and their duty to the Plaintiff resulted in the grievous injuries suffered by Plaintiff.

10. Plaintiff has suffered injuries as a result of the negligent or intentional acts of the Board and Jail.

**WHEREFORE,** Plaintiff prays for judgment against the Defendants, jointly and severally, in a sum greater than Ten Thousand Dollars $10,000.00, costs, attorney fees, and such other relief as is just and equitable.

EXHIBIT 1

## SECOND CAUSE OF ACTION
## BAD FAITH DESTRUCTION OF EVIDENCE

Plaintiff re-alleges the allegations as set out in paragraphs 1-10, and in addition alleges and states:

11. On or about September 15, 2017, Board and Jail were served with a request for all the video surveillance of the Plaintiff who was booked into the Oklahoma County Jail on September 3, 2017.

12. The request was addressed to Oklahoma County Clerk David B. Hooten and Mark Opgrande of the Jail.

13. The request included video surveillance, records, documents, emails, medical condition upon arrival and medical condition upon discharge and any other information regarding the Plaintiffs admission and departure from Jail.

14. Jail Public Information Officer Mark Opgrande provided only the admission video surveillance requested of Plaintiff and no other video surveillance or records as requested.

15. On March 9, 2018, Plaintiff made request for all video as requested by letter on September 15, 2017.

16. In an undated letter, Jail Public Information Officer Mark Opgrande advised counsel for Plaintiff that all other video had been destroyed and refused to provide the other information requested.

17. The evidence was destroyed prior to the expiration of the time to file a Governmental Tort Claims Act as allowed by law.

18. The destruction or spoliation of evidence adversely affects the ability of the Plaintiff to prove her claim.

19. The destruction of spoliation of evidence gives rise to

EXHIBIT 1

an inference unfavorable to the spoliator.

20. The destruction of spoliation of evidence was in bad faith and contrary to the request of the video surveillance and records of Plaintiff.

21. The bad faith conduct of the Defendants entitles the Plaintiff to punitive damages.

**WHEREFORE,** Plaintiff prays for judgment against the Defendants, jointly and severally, in a sum greater than Ten Thousand Dollars $10,000.00, punitive damages in an amount to be determine by jury, costs, attorney fees, and such other relief as is just and equitable.

_____
RANDY L. GOODMAN, OBA#11091
Randy L. Goodman, P.C.
P.O. Box 1218
Nicoma Park, OK 73066
(405) 769-7990
FAX 769-7970
Email: rgoodman@coxinet.net
Attorney for Plaintiff

EXHIBIT 1