# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PATSY ANN BRASHEAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Case No. CIV-19-0445-F |
| | ) | |
| BOARD OF COUNTY | ) | (District Court of Oklahoma |
| COMMISSIONERS OF | ) | County Case No. CJ-19-42) |
| OKLAHOMA COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Two motions to dismiss are before the court. The first is brought by the Board of County Commissioners of Oklahoma County (the board) and Sheriff P. D. Taylor (the sheriff) in his official capacity. Doc. no. 3. Plaintiff filed a response brief. Doc. no. 9. Defendants filed a reply brief. Doc. no. 10. The second motion is brought by Sheriff Taylor in his individual capacity. Doc. no. 4. Plaintiff filed a response brief. Doc. no. 8. Defendant filed a reply brief. Doc. no. 11. The only other defendants are non-moving Doe defendants.

The amended complaint alleges a federal claim as well as a state law claim against all defendants. Moving defendants ask the court to dismiss them from both of these claims under Rule 12(b)(6), Fed. R. Civ. P. As will be seen, this order grants the motion in part, granting it to the extent that it asks the court to dismiss the federal claim. With the federal claim dismissed, this order declines supplemental jurisdiction over the state law claim and remands this action, leaving the state court to determine the sufficiency of the state law claim.

I. Standards

The inquiry under Rule 12(b)(6) is whether the complaint contains enough facts to state a claim for relief that is plausible on its face. Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir., 2007), quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007). To survive a motion to dismiss, a plaintiff must nudge his claims across the line from conceivable to plausible. *Id*. The mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims. Ridge at Red Hawk, 493 F.3d at 1177. In conducting its review, the court assumes the truth of the plaintiff's well-pleaded factual allegations and views them in the light most favorable to the plaintiff. *Id*. Pleadings that are no more than legal conclusions are not entitled to the assumption of truth; while legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. Ashcroft v. Iqbal, 556 U.S.662, 664 (2009). When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. The court will disregard mere "labels and conclusions" and "[t]hreadbare recitals of the elements of a cause of action" to determine if what remains meets the standard of plausibility. Twombly, 550 U.S. at 555; Iqbal, 556 U.S. at 678.

II. The Claims

The amended complaint[1] alleges a state law assault and battery claim, as well as a federal claim under 42 U.S.C. § 1983.

---

[1] The operative version of the complaint was filed in state court as the "First Amended Petition" and is referred to in this order as the "amended complaint." Doc. no. 1-4.

## A. The State Law Claim

The "First Cause of Action" in the amended complaint is a state law claim for assault and battery which appears to be alleged against all defendants. This claim alleges that plaintiff was assaulted while she was in the custody of the Oklahoma County Jail as a pre-trial detainee, as a result of which plaintiff suffered a fractured ankle.

## B. The Federal Claim

The only federal claim is a civil rights claim brought under 42 U.S.C. § 1983. This claim is alleged against the board and the sheriff (in both of his capacities), as well as the Doe defendants.

The § 1983 claim alleges that in violation of plaintiff's rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution,[2] defendants failed to protect plaintiff from the assault which occurred while she was in the custody of the Oklahoma County Jail as a pretrial detainee, as a result of which plaintiff suffered a fractured ankle. *See*, doc. no. 1-4, ¶¶ 14-15, 52, 53. As evidence of defendants' deliberate indifference to their constitutional duty to protect plaintiff from an assault, the amended complaint further alleges that defendants allowed jail recordings (which presumably showed plaintiff while she was at the jail) to be destroyed after such recordings were requested by plaintiff. *Id*. at ¶ 59 (film, videotape or recordings).

The amended complaint also appears to allege a § 1983 claim premised on failure to provide plaintiff with medical care and treatment while she was a pre-trial detainee at the jail. This aspect of the § 1983 claim will be dismissed without

---

[2] Based on the alleged facts, it appears that of the amendments cited in the amended complaint, plaintiff, as a pre-trial detainee, could potentially assert her rights under the Fourteenth Amendment. This issue has not been briefed, however, and the court makes no ruling on it.

prejudice for two reasons. First, plaintiff's briefing expressly states that this action is not about failure to provide medical care.³ Second, defendants' motions challenge the plausibility of every aspect of plaintiff's § 1983 claim, including the part that is premised on a failure to provide medical care or treatment. Plaintiff's response briefs do not defend the viability of this aspect of her § 1983 claim, arguing, instead, that lack of medical care is not what this action is about, and focusing on defendants' alleged failure to protect her from an assault. As plaintiff has not defended the plausibility of a § 1983 claim premised on failure to provide medical care or treatment, the court deems that aspect of the § 1983 claim confessed,⁴ and the court will dismiss that aspect of the § 1983 claim, without prejudice, under Rule 12(b)(6).

III. The Motions

A. The Board's Motion to Dismiss it From the § 1983 Claim

The amended complaint seeks to hold the board liable on plaintiff's § 1983 claim as "a political subdivision of the State of Oklahoma" which is "responsible for the Oklahoma County Jail." *Id*. at ¶ 4.⁵ The allegation that the board is responsible for the Oklahoma County Jail is incorrect as a matter of law. Meade v. Grubbs, 841 F.2d 1512, 1528 (10th Cir. 1988), abrogated in part on other

---

³ Plaintiff's brief states as follows. "Defendants spend inordinate time in their brief [arguing] that failure to provide medical care is not viable as a matter of law. This case is not about a 'failure to provide medical care.' It is about an intentional or grossly negligent fracture of a detainees [sic] bones by the Defendants. It is about the Defendants [sic] purposeful and deliberate destruction of evidence to conceal the intentional or grossly [negligent] acts of the Defendants." Doc. no. 9, p. 6.

⁴ *See*, LCvR7.1(g) (any motion not opposed within 21 days may, in the discretion of the court, be deemed confessed)

⁵ Consistent with this theory of liability, the caption of the amended complaint describes the board, incorrectly, "as governing body of Oklahoma County Jail."

4

grounds,[6] is a § 1983 case which held that "Under Oklahoma law, the Board has no statutory duty to hire, train, supervise or discipline the county sheriffs or their deputies." *Id*. Then, in Meade's discussion of official capacity claims, the court stated that "For a county to be held responsible, it must have caused the harm through the execution of its own policy or custom or by those whose edicts or acts may fairly be said to represent official policy." *Id*. at 1529. Under these principles, Meade affirmed the district court's dismissal of the board members in both their individual and official capacities.

The Oklahoma Supreme Court confirmed this understanding of Oklahoma law in Estate of Crowell v. Board of County Commissioners of County of Cleveland, 237 P.3d 134, 142 (Okla. 2010). (Crowell's estate alleged a § 1983 claim after Crowell died of an asthma attack while in the county jail.) Crowell states that it was the sheriff as the final policymaker for a county jail, and not the Board of County Commissioners of Cleveland County, who was responsible for medical care at the jail. *Id*. The Court reasoned that the board has no statutory duty to hire, train, supervise, or discipline county sheriffs or deputies. Accordingly, Crowell upheld summary judgment in favor of the board. Crowell at 142, n.14, citing Meade, 841 F.2d 1512, at n.16.

In Jantzen v. Hawkins, 188 F.3d 1247, 1259 (10th Cir. 1999), the court of appeals affirmed the district court's grant of summary judgment in favor of the Canadian County Board of County Commissioners, noting that "The Sheriff neither reports to, nor is controlled by, the Board." *Id*.

---

[6] As noted in Schneider v. City of Grand Junction Police Dept., 717 F.3d 760, 767 (10th Cir. 2013), Meade refers to claims against supervisors as claims based on "supervisory liability," a label which may be misunderstood as implying vicarious liability. Under § 1983, each government official, his title notwithstanding, is only liable for his or her own misconduct. *Id*.

5

The board will be dismissed with prejudice from the § 1983 claim, and defendants' motions will be granted to that extent.

### B. The Sheriff's Motion to Dismiss Him From the § 1983 Claim In His Official Capacity

The sheriff, to the extent he is named in his official capacity, argues the § 1983 claim is redundant to the § 1983 claim against the board and should therefore be dismissed. The court rejects this argument for dismissal. <u>Crowell</u> held that while the board was properly dismissed (see the discussion above), the sheriff, as a defendant in his official capacity, should not have been granted summary judgment, and the Court remanded for trial on that basis. 237 P.3d at 145. Thus, under <u>Crowell</u>, the fact that the board has been dismissed from this action does not entitle the sheriff to be dismissed in his official capacity.

That is not the end of the matter, however, because the amended complaint fails to state a plausible claim against the sheriff in his official capacity for other reasons. The amended complaint alleges that plaintiff sustained a fractured ankle as a result of an assault which occurred while she was at the jail as a pre-trial detainee. As for who committed the alleged assault, the amended complaint indicates, when read as a whole,[7] that the assault was committed by one or more of the Doe defendants, who the amended complaint indicates are members of the jail's staff.[8] Beyond that, the amended complaint does not identify or otherwise describe the individuals who allegedly assaulted the plaintiff. The amended

---

[7] <i>See, e.g.</i>, doc. no. 1-4, ¶ 32 ("Doe defendants intentionally and maliciously caused the grievous injuries suffered by Ms. Brashear"); ¶ 58 ("That BOCC and Defendant Sheriff P.D. Taylor violated policies and procedures by failing to provide proper training which resulted in the John Does [sic] defendants [sic] abuse of Ms. Brashear").

[8] <i>See, e.g.</i>, doc. no. 1-4, ¶ 7 ("by virtue of their position," Doe defendants acted "under color of law"), ¶ 16 ("fracture suffered by Ms. Brashear was…outside the authority of the officers and staff of the County Jail").

6

complaint also does not allege the nature of the assault. It does not allege where in the jail the assault occurred. It does not allege at what stage during plaintiff's time at the jail the assault occurred. It does not allege who was present when the assault occurred. It does not allege how the sheriff would have known about the assault. It does not allege what specific conditions at the jail constituted a failure to protect the plaintiff from an assault. And the amended complaint does not allege how the sheriff or jail officials or staff would have known there was a risk a pretrial detainee in plaintiff's position would be assaulted. It may be that it would not be necessary to plead *all* of these particulars. But (as will be seen) the *absence* of all of them renders plaintiff's pleading deficient under the standards this court is required to apply.

Defendants argue that the amended complaint's failure to allege virtually any of the particulars of the assault or its circumstances renders plaintiff's claims implausible. The court agrees insofar as the § 1983 claim is concerned. Given the requirements for a successful § 1983 claim set out below, the amended complaint's lack of particularity renders the § 1983 claim (failure to protect a pretrial detainee from an assault) insufficient under Rule 12(b)(6).

First, it is fundamental that personal participation is required for liability under § 1983 and that there is no *respondeat superior* liability on the part of a government entity against which a § 1983 claim is alleged. Monell v. Dept. of Social Services of City of New York, 436 U.S. 658, 691 (1978). As stated in Monell, "it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id*. at 694. In Monell, the judgment below was reversed (the trial court and Second Circuit had denied plaintiffs' claims for backpay on various grounds) because the case "unquestionably involves official policy as the moving

7

force of the constitutional violation." *Id.* at 694-95. Here, the amended complaint fails to allege, in non-conclusory terms, facts which, if proven, would establish that the sheriff in his official capacity had a policy or custom at the jail which was the moving force behind the alleged assault.

Second, one of the requirements for a § 1983 claim premised on a failure to prevent harm, is that the plaintiff was detained under conditions that posed a sufficiently serious risk of the harm that befell her. Lopez v. LeMaster, 172 F.3d 756, 760 (10th Cir. 1999), citing Farmer v. Brennan, 511 U.S. 825, 834 (1970). Here, the few, non-conclusory factual allegations which are included in the amended complaint – (that plaintiff was assaulted at the jail by one or more persons who the amended complaint indicates were jail officers or staff members; that plaintiff suffered a fractured ankle as a result of the assault; and that jail recordings were destroyed which presumably would have showed plaintiff at the jail) – do not satisfy that requirement. These alleged facts say nothing about the conditions in which plaintiff was detained or how those conditions posed a threat.

Third, liability under § 1983 must be predicated on a deliberate deprivation of constitutional rights by the defendant rather than on negligence. Kingsley v. Hendrickson, 83 USLW 4515, 135 S. Ct. 2466, 2472 (2015) (pretrial detainee case involving excessive force; "liability for *negligently* inflicted harm is categorically beneath the threshold of constitutional due process," citing County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998)). Here, the amended complaint fails to allege, in non-conclusory terms, any facts which, if proven, would establish that the sheriff or other jail officials were anything other than negligent, if that.

In response to these types of lack-of-particularity arguments, plaintiff argues that *res ipsa loquitur* applies, a doctrine which permits an inference of negligence from the proof of certain facts as a means to infer liability. But *res ipsa*

*loquitur* is a potential basis for inferring liability for negligence, and negligence is an insufficient basis for a § 1983 claim. *And see*, Hovater v. Robinson, 1 F.3d 1063 (10th Cir. 1993), citing: "The 'mere fact that an assault occurs … does not establish the requisite indifference to a prisoner's constitutional rights.'" *Id*. at 1066, quoting Zatler v. Wainwright, 802 F.2d 397, 403 (11th Cir. 1986). Thus, plaintiff cannot render her § 1983 claim viable by relying on *res ipsa*.

After careful consideration of the parties' arguments with respect to the § 1983 claim, the court concludes that a plausible and otherwise sufficient § 1983 claim is not alleged against the sheriff in his official capacity. To the extent that the sheriff is named as defendant in his official capacity, he is entitled to dismissal without prejudice from the § 1983 claim. His motion will be granted to that extent.

    C. <u>The Sheriff's Motion to Dismiss Him in His Individual Capacity</u>.

For largely the same reasons, the amended complaint fails to state a plausible § 1983 claim against the sheriff in his individual capacity. The amended complaint alleges no involvement by the sheriff in the assault which fractured plaintiff's ankle. Instead, the amended complaint seeks to hold the sheriff liable in his individual capacity based on his failure to adequately train or supervise his employees, or as a policy-maker. But these types of § 1983 claims require an underlying constitutional violation, and the court has already found that the amended complaint does not plausibly allege one. Moreover, supervisory status alone does not create § 1983 liability. "[T]here must be 'an affirmative link…between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or failure to supervise.'" Gallagher v. Shelton, 587 F.3d 1063, 1069 (10th Cir. 2009), citing Green v. Branson, 108 F.3d 1296, 1302 (10th Cir. 1997). The amended complaint fails to allege, in non-conclusory terms, an affirmative link between the sheriff's failure

to supervise or train, and the failure to protect the plaintiff from an assault. Nor does the amended complaint include any non-conclusory allegations that affirmatively link the sheriff, as a policy-maker, to any policy that was the moving force behind the assault.

The amended complaint does not allege a plausible and otherwise sufficient § 1983 claim against the sheriff in his individual capacity. Accordingly, the sheriff, to the extent he is named in his individual capacity, is entitled to dismissal without prejudice from the § 1983 claim, and his motion will be granted to that extent.

Alternatively, the sheriff, in his individual capacity, asserts qualified immunity. When a defendant asserts qualified immunity at the motion to dismiss stage, plaintiff, to avoid dismissal, must allege facts that make out a violation of a constitutional right. Pearson v. Callahan, 555 U.S. 223, 232 (2009). If a constitutional violation can be made out, then the second step of the analysis requires the plaintiff to identify clearly established law which put the defendant on notice that his alleged conduct was unlawful in the situation. Id. Unless plaintiff carries this burden at both steps, defendant is entitled to qualified immunity. See, Reynolds v. Powell, 370 F.3d 1028, 1030 (10th Cir. 2004) ("Unless the plaintiff carries its twofold burden [in that case, at the summary judgment stage], the defendant prevails"), citing Mick v. Brewer, 76 F.3d 1127, 1134 (10th Cir. 1996).

This order has already found the amended complaint does not allege a plausible constitutional violation on the part of the sheriff. Thus, plaintiff has not carried her burden at the first step of the qualified immunity analysis. Nor has plaintiff made any effort to identify clearly established law which would have put the sheriff on notice that his actions, as alleged in this case, constituted a constitutional violation. Furthermore, to the extent the amended complaint

suggests liability on the sheriff's part based on his supervisory status alone, no such law exists. The sheriff is entitled to qualified immunity on the § 1983 claim alleged against him in the amended complaint.

For all of these reasons, the sheriff, in his individual capacity, is entitled to dismissal without prejudice from the § 1983 claim, and his motion will be granted to that extent.

### D. The § 1983 Claim Against the Doe Defendants

Based on the court's rulings to this point, the only remaining federal claim is the § 1983 claim alleged against the Doe defendants.

As previously stated, the amended complaint indicates that one or more of the Doe defendants committed the alleged assault. The amended complaint, however, alleges no specifics about how the alleged assault occurred or the context in which it occurred. The amended complaint uses various terms for the alleged assault, referring, at different places, to an assault, or to an assault and battery (the court notes that a battery can be a touch), or to mistreatment, or to abuse, etc. The two paragraphs of the amended complaint that arguably come closest to describing the specific role of the Doe defendants, allege as follows: "That John Doe defendants intentionally and maliciously caused the grievous injuries suffered by Ms. Brashear" (doc. no. 1-4, ¶ 32); and that it was the board and sheriff's violation of policies and procedures by failing to provide proper training "which resulted in the John Does [sic] defendants [sic] abuse of Ms. Brashear." Doc. no. 1-4, ¶ 58. Neither of these paragraphs (nor any others) shed any real light on the specifics of what the Doe defendants allegedly did to constitute a violation of plaintiff's constitutional rights through some type of unexplained assault.

Given the amended complaint's lack of particularity about the alleged constitutional violation committed by the Doe defendants, the amended complaint

fails to plausibly and sufficiently allege a § 1983 claim against these defendants, who will be dismissed without prejudice from the § 1983 claim.

### E. The Result With Respect to the § 1983 Claim

This order has found that all defendants are entitled to dismissal from the § 1983 claim. To summarize, the portion of the § 1983 claim that was arguably premised on an alleged failure to provide medical care and treatment will be dismissed because plaintiff disavowed any such claim and did not defend this aspect of her § 1983 claim in response to defendants' comprehensive Rule 12(b)(6) motions. That dismissal left for consideration plaintiff's § 1983 claim to the extent it is premised on defendants' failure to protect plaintiff from an alleged assault at the jail. For the reasons stated above, all defendants are entitled to dismissal from that claim under Rule 12(b)(6). As a result of these rulings, no federal claim remains for adjudication.[9]

### IV. Supplemental Jurisdiction Declined

With the federal claims dismissed, the court must determine whether to exercise supplemental jurisdiction over the assault and battery claim. 28 U.S.C. §1367(c)(3).

Judicial economy, fairness, convenience, and comity are all considerations which guide a district court's decision regarding whether to defer to a state court or retain and dispose of state law claims. United Mine Workers v. Gibbs, 383 U.S. 715, 726-27 (1966). The Tenth Circuit has held that when federal claims are resolved before trial, the district court should usually decline to exercise

---

[9] Plaintiff is represented by counsel, has already amended once (in state court), and has not requested leave to amend should the court find any claims subject to dismissal. Although leave to amend should be liberally granted, a trial court is not required to grant leave to amend, *sua sponte*, prior to making its decision to dismiss. Doe v. Heil, 533 Fed. Appx. 831, 846-47 (10th Cir.2013), unpublished, citing Burger King Corp. v. Weaver, 169 F.3d 1310, 1318 (11th Cir. 2999), and other authorities.

jurisdiction over the remaining state law claims and allow the plaintiff to pursue them in state court. *See*, Smith v. City of Enid By and Through Enid City Comm'n, 149 F.3d 1151, 1156 (10th Cir. 1998); Ball v. Renner, 54 F.3d 664, 669 (10th Cir. 1995).

Having disposed of the federal claims prior to trial and finding no consideration which causes the court to conclude that it should retain jurisdiction over the state law claim, the court, in the exercise of its discretion, declines to exercise supplemental jurisdiction over the assault and battery claim. That claim will be remanded to state court.

V. Conclusion

The motion to dismiss filed by the Board of County Commissioners of Oklahoma County and Sheriff P. D. Taylor in his official capacity is **GRANTED IN PART**. Doc. no. 3. The motion is **GRANTED** to the extent that these defendants are **DISMISSED** from the § 1983 claim.

The motion to dismiss filed by Sheriff P. D. Taylor in his individual capacity is also **GRANTED IN PART**. Doc. no. 4. This motion is **GRANTED** to the extent that the sheriff, in his individual capacity, is **DISMISSED** from the § 1983 claim.

The Doe defendants are **DISMISSED** from the § 1983 claim.

All of the dismissals described above are under Rule 12(b)(6), Fed. R. Civ. P., and are without prejudice, except that the federal claim against the Board of County Commissioners is dismissed with prejudice.

The court declines supplemental jurisdiction over the assault and battery claim. Accordingly, this court does not have jurisdiction over, and does not

address, the merits of the motions to the extent that they challenge the sufficiency of the assault and battery claim.

This action is **REMANDED** to the District Court of Oklahoma County, State of Oklahoma.

IT IS SO ORDERED this 5th day of August, 2019.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

19-445p001 rev\_.docx